## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MODULAR STEEL SYSTEMS INC., | No. 4:21-CV-01206 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| SAMUEL GROSSMAN, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### FEBRUARY 18, 2022

Modular Steel Systems Inc. sued for breach of contract and unjust enrichment in the Court of Common Pleas of Columbia County, Pennsylvania.[1] Then Defendants Samuel Grossman and Beach 9, LLC, removed the case to this Court with co-Defendant PCSB Bank's consent.[2] Though Grossman and Beach 9 answered Modular Steel's complaint,[3] PCSB moved to dismiss and, alternatively, to transfer venue.[4] For the following reasons, the case is transferred to the United States District Court for the Eastern District of New York.

---

[1] Doc. 1-1.
[2] Doc. 1.
[3] Doc. 8.
[4] Docs. 9, 10.

## I.   IMPROPER VENUE

"When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b)."[5]  These three categories include "1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."[6]  I address each category in turn.

First, the parties agree that Defendant Samuel Grossman resides in New York.[7]  So all Defendants are not residents of Pennsylvania, "the State in which the district is located."[8]  This case does not fall within § 1391(b)'s first category.

As for the second category, "it is necessary to look at the nature of the dispute" "[i]n assessing whether events or omissions giving rise to the claims are substantial."[9]  Modular Steel alleges breach of a contract to construct and deliver modular homes to Staten Island, New York.[10]  Modular Steel also alleges that it performed its end of the bargain by fully and completely constructing, delivering,

---

[5]   *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013).
[6]   28 U.S.C. § 1391(b).
[7]   Docs. 1 at 2; 1-1 at 3; 8 at 1;  Doc. 10 at 4.
[8]   28 U.S.C. § 1391(b)(1).
[9]   *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994).
[10]   Doc. 1-1.

and setting the homes upon Grossman and Beach 9's property located in Staten Island, New York.[11]  Indeed, all three Defendants are in New York.[12]  These facts indicate that a substantial part of the events or omissions giving rise to Modular Steel's claims occurred in New York.[13]

Modular Steel counters that "not only was the contract formulated in Pennsylvania, but all of the material elements of performance occurred in Pennsylvania, i.e. design and construction of the modular units."[14]  But Modular Steel sued Defendants for failing to pay and assign funds, omissions they made in New York.[15]  So the omissions giving rise to Modular Steel's claims occurred in New York, not Pennsylvania.[16]

Modular Steel further counters that "Defendants have availed themselves of doing business with a Pennsylvania corporation, in Pennsylvania and regularly and continuously solicit business by directing mail, email and internet solicitations to residence of the Commonwealth of Pennsylvania."[17]  This information "establishes Defendants' general contacts with Pennsylvania, but it fails to show the

---

[11]  *Id.*
[12]  Docs. 1 at 2; 1-1 at 3.
[13]  *See Cottman*, 36 F.3d at 295 (holding that venue was improper in Pennsylvania because "[t]he contract on which Cottman bases its state-law claims was executed and performed in Michigan.  Martino's transmission repair center was located there. . . .  It is obvious that most, if not all, of the significant events occurred in Michigan.").
[14]  Doc. 14 at 8.
[15]  Doc. 1-1.
[16]  *See Cottman*, 36 F.3d at 295 ("The omissions that Cottman cites—Martino's failure to return various materials and failure to remit payments—actually occurred in Michigan, not in Pennsylvania.  Even though the result was Cottman's non-receipt of those items in Pennsylvania, the omissions bringing about this result actually occurred in Michigan.").
[17]  Doc. 14 at 8–9.

jurisdiction where the acts or omissions giving rise to the Complaint occurred."[18] Accordingly, this case does not fall within the second category in § 1391(b).

As for the third category, I explained above that all three Defendants are in New York.  I also explained that a substantial part of the events or omissions giving rise to Modular Steel's claims occurred in New York.  So venue is proper in New York.[19]  Because there is a "district in which [this] action may otherwise be brought," this case does not fall within § 1391(b)'s third and final category either.[20] In sum, venue is not proper in this district.

## II.    TRANSFER VENUE

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[21] Modular Steel alleges breach of a contract requiring it to deliver modular homes to Staten Island, New York.[22]  Staten Island is co-extensive with Richmond County, which is in the Eastern District of New York.[23]  Indeed, Grossman and Beach 9 are in Cedarhurst, Nassau County,[24] which is also in the Eastern District of New

---

[18] *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 161 (3d Cir. 2012) (affirming dismissal for improper venue).
[19] 28 U.S.C. §§ 1391(b)(1), (b)(2).
[20] 28 U.S.C. § 1391(b)(3).
[21] 28 U.S.C. § 1406(a).
[22] Doc. 1-1.
[23] 28 U.S.C. § 112(c).
[24] Docs. 1-1 at 3–4; 8 at 1.

York.[25]   In the interest of justice, this case is transferred to the United States District Court for the Eastern District of New York.  Accordingly, **IT IS HEREBY ORDERED** that:

1. PCSB's motion to transfer venue (ECF No. 9) is **GRANTED IN PART**, and the Clerk of Court is directed to **TRANSFER** this action to the United States District Court for the Eastern District of New York.

2. The Clerk of Court is further directed to **CLOSE** the case file.


BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[25]   28 U.S.C. § 112(c).